UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 1:12-cr-133-29 SEB-TAB |
| vs. | ) | |
| | ) | |
| JOSHUA MILLER, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER DENYING DEFENDANT MILLER=S MOTION TO STRIKE SURPLUSAGE
(Docket No. 730)

Defendant Joshua Miller=s Motion to Strike Surplusage from the Superseding

Indictment[1] (Dkt. No. 730) is hereby **DENIED** for the reasons explicated below.

Miller is charged along with thirteen other named defendants in Count 6 of a twenty-

six Count Indictment with the crime of conspiracy to possess with intent to distribute one

kilogram or more of heroin, in violation of 21 U.S.C. ' 841(a)(1). Miller=s Motion to Strike is

directed towards a single sentence in paragraph 27 of the Overt Acts.[2]  That paragraph

alleges as follows:

> On or about July 13, 2012, after a series of telephone
> calls with JUSTIN ADDLER, BRIAN MOORE, LEEANN
> BROCK and JOSHUA MILLER were in possession of
> $6,000 of JUSTIN ADDLER=S money, traveling on I-65 to
> Chicago to obtain a large quantity of heroin.  <u>During the
> trip, MILLER noticed law enforcement agents conducting
> surveillance and began driving erratically in an attempt to</u>

---

[1]    Miller=s motion references a ASuperseding Indictment@ but the docket reflects no
such pleading.   We retain the erroneous references to Asuperseding@ in this order
where needed for clarity between the pending motion and our order.

[2]    There are a total of twenty-eight Overt Acts alleged in Count 6.

1

<u>avoid detection</u>.  MOORE subsequently threw the $6,000
out the window of the vehicle.

[Indictment, p. 1 (Dkt. No. 1) (emphasis added)].

Miller's Motion to Strike is directed only to the underlined portion of the Superseding Indictment as noted above.  Arguing that this language is neither relevant nor material to the overall conspiracy charge against him, Miller asserts that it is inflammatory and prejudicial because it "suggests that [he] appears guilty based on his suspicion of being followed by law enforcement agents and his erratic driving that followed." [Memo in Support of Motion to Strike, p. 3 (Dkt. No. 730-1).]  Miller continues, "[T]his is as [sic] over-reaching generalization that people who drive erratically engage in criminal acts like those alleged in this Indictment." <u>Id.</u>

The Government responds that the facts alleged in Superseding Indictment, including the facts alleged in paragraph 27 of the Overt Acts, are based on evidence gathered via a court authorized intercept of telephone calls and surveillance by law enforcement agents.  As such, this evidence goes to substantiate the conspiratorial involvement of each of the participants listed in paragraph 27 of the Overt Acts, and, accordingly, is both relevant and material and constitutes part of the Government's proof of the charge at issue at trial.

While Rule 7(d) of the Federal Rules of Criminal Procedure authorizes a trial court to strike surplusage from an indictment upon a defendant's motion, the defendant seeking such a ruling faces a steep climb in establishing his entitlement to such relief.  "A motion to strike surplusage from an indictment . . . should be granted only where it is clear that the allegations contained therein are not relevant to the charge made or contain inflammatory

2

and prejudicial matter.@ Dranow v. United States, 307 F.2d 545, 558 (8th Cir. 1962).   This is an Λexacting standard,@ United States v. Huppert, 917 F. 2d 507, 511 (11th Cir. 1990) (rev=d on other grounds), and therefore, motions to strike surplusage are Λrarely granted.@ United States v. Hedgepeth, 434 F. 3d 609, 611 (3rd Cir. 2006).  Further, where the motion is directed towards matter that is relevant to an allegation contained in the indictment which the government must prove, the motion to strike is unavailing on that basis alone.  Λ[I]f evidence of the allegation is admissible and relevant to the charge, then regardless of how prejudicial the language is, it may not be stricken.@ U.S. v. Scarpa, 913 F.2d 993, 1013 (2nd Cir. 1990) (citing U.S. v. DePalma, 461 F. Supp. 778, 797 (S.D.N.Y. 1978 )).

Here, the words that Miller seeks to have stricken as surplusage constitute a very brief and, in fact, quite insignificant part of the much longer and more detailed charge against him in Count 6.  Any way you read them, they simply are not prejudicial. There is nothing in particular B either substantively or contextually -- that causes this single, isolated phrase to stand out or evoke any special concern or attention, certainly not in any prejudicial sense.   In the context of this prolix indictment, including in particular Count 6, this sentence represents a Λneedle in the haystack.@ It is sheer sophistry to believe that a jury would likely focus on this isolated, innocuous sentence and then use it as a basis to impute to Miller's detriment any prejudice of the sort argued by defense counsel.  He asserts that the jury would likely conclude on the basis of this sentence Λthat people who drive erratically or get paranoid from being followed commit the crimes@ with which they are charged or that an erratic driving claim will prompt the jury to impute to Miller a Λbad reputation . . . based on character habits.@ [Memo in Support of Motion to Strike, p. 3 - 4 (Dkt. No. 730-1).]  In our view, those inferences by a jury are at best a stretch.

What matters most here is that the Government has indicated that it intends to prove at trial the  acts alleged in Overt Act 27 because it is relevant to the conspiracy charged in Count 6.  If proffered, this evidence would be relevant in that it puts the alleged co-conspirators together at this particular time and place during the term of the conspiracy and tends to show their shared involvement in activities taken in furtherance of the conspiracy. As such, this evidence corroborates the Government‫ۥs prosecution theory that these defendants, including Miller, were engaged in the charged heroin distribution conspiracy. The jury could determine that Miller‫ۥs alleged discovery of the surveillance by law enforcement prompted his erratic driving, which was an indication of his guilty knowledge and his attempt to evade detection and/or to thwart the surveillance.  Further, if the evidence proffered by the Government at trial shows that Miller's erratic driving immediately preceded the toss out the car window of $6,000 in cash by a passenger in Miller's car, it is further proof of the alleged drug conspiracy by the people traveling with Miller at that time. This evidence and these inferences may well be prejudicial to Miller‫ۥs defense because they are incriminating of him, but they are not unfairly prejudicial so as to warrant their being stricken.

Accordingly, Miller‫ۥs Motion to Strike Surplusage is DENIED.

IT IS SO ORDERED.

Date:  01/06/2014

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Electronically registered counsel of record via ECF

4