UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | 1:12-cr-133-29 SEB-TAB |
| vs. | ) ) | |
| JOSHUA MILLER, | ) ) | |
| Defendant. | ) | |

# ORDER DENYING DEFENDANT MILLER'S MOTIONS IN LIMINE AND FOR SEVERANCE

For the reasons explained below, Defendant Joshua Miller's motion in limine and motion for severance are both DENIED.

**Motion for Severance**:  Defendant Miller's motion for severance is predicated on his having been charged in only one count (Count 6) of the pending twenty-six count indictment and as only one of a total of fourteen defendants in a heroin distribution conspiracy conducted between June 2011 and August 2012. (The indictment includes a variety of other charges as well relating to methamphetamine, obstruction of justice, PCP and the use of a communications facility to facilitate a drug crime.)  Miller asserts that his inclusion in this indictment reflects an improper joinder, pursuant to Rule 8(b), Fed. R. Crim. P, the effect of which is to wrongfully connect him with others with whom he in fact had no involvement in terms of the alleged crime(s). Miller seeks relief from this claimed misjoinder through his Rule 14(a) request for severance whereby his trial would occur separately from that of the other defendants. Miller claims that he will suffer actual prejudice if he is required to go to trial with the other defendants because the conspiracy charge against him is

separate and distinct from the larger overall conspiracy in which the other defendants are named. Miller fears that the jury will not be able to separate him and the Count 6 conspiracy in which he is charged from the overarching conspiracy charge and the numerous other defendants. The likelihood of this prejudice is enhanced, he contends, by the volume and complexity of evidence expected to be presented by the Government at trial.

The Government acknowledges that Count 6 is the only Count in which Miller is named. Count 6 charges the offense of conspiracy to possess with the intent to distribute and/or distribute 1 kilogram of heroin. In addition to Miller, those charged in Count 6 as alleged co-conspirator/defendants are Oscar Perez, Justin Addler, Shamiya Hunt, Robert Reed, Gregory Hart, Jermaine Colement, Jerome Coleman, Joseph Johnson, Jeremy Johnson, Stacy Cooper, Leeann Brock, Audra Eckman and Haley Burrell

This conspiracy is part of the larger illegal scheme and common plan by various defendants to possess with intent to distribute and/or to distribute heroin and other controlled substances. More specifically, codefendants Oscar Perez, Justin Addler and Robert Reed are charged with orchestrating the commission of a wide array of crimes while they were incarcerated in the Indiana Department of Corrections. While serving state sentences in the Indiana Department of Corrections, these three defendants are alleged with having directed and coordinated and otherwise overseen the distribution of various controlled substances by persons on the outside of prison to carry out and facilitate the goals of their larger scheme.

The offense charged in Count 6 is one of the conspiracies that was organized and supervised by the three incarcerated leaders and which also involved Miller and others. As detailed in Overt Act 27 of Count 6, on July 13, 2012, "After a series of telephone calls with Justin Addler, Brian Moore, Leeann Brock, and **Joshua Miller** were in possession of $6,000 of Justin Addler's money,

traveling on I-65 to Chicago to obtain a large quantity of heroin. During the trip, **Miller** noticed law enforcement agents conducting surveillance and began driving erratically in an attempt to avoid detection. Moore subsequently threw the $6,000 out the window of the vehicle." (Emphasis supplied.) Overt Act 28 of Count 6 charges that **Miller** and Addler had a series of telephone calls later on that same date in which **Miller** told Addler that he and Foley would travel back to the location where the money was thrown out of the car to try to retrieve it, which trip the subsequently made. Addler informed **Miller** that Defendant Janice Springer would travel to Lafayette to collect the retrieved money and also deliver to him and the others who had made the car trip to Lafayette that day a quantity of heroin. Addler allegedly said to Miller in that telephone conversation, "I'm the drug dealer." (Emphasis supplied.)

Thus, based on the allegations in the indictment, Miller and the other co-conspirators named in Count 6 were also active participants in the overall common plan or scheme orchestrated by Addler, Perez and Reed. Thus, consistent with the requirements of Rule 8(b), these Defendants, including Miller, are "alleged to have participated in the same act or transactions, or in the same series of acts or transactions, constituting an offense or offenses" and thus were properly joined in the indictment.

A close reading of, the indictment reveals that a total of three conspiracies have been charged – in Counts 1, 6 and 20 – of which Justin Addler is the common link. As the government points out, and we agree, the fact that each of these sub- conspiracies involved the distribution of different controlled substances and various defendants is of no real consequence in terms of proper jointer, because there is no requirement that all defendants be charged in all or even most of the aspects of a case.

When a conspiracy ties together divergent participants in such a way that they are alleged to have been engaged in a common plan or scheme, a joint trial is not only permissible, it is preferable. Indeed, it is hard to imagine how, if the charge against Miler were severed out for a separate trial, that trial would unfold. At the very least, all the defendants named in Count 6 should be included in that trial along with Miller. And because several of the Count 6 defendants are named in other parts of the Indictment as well, a separate trial for each of them on Count 6 would necessitate there undergoing another trial on all the other allegations against them. This, clearly, would portend serious prejudice to their rights and interests and create major inefficiencies for the prosecution and threaten possible double jeopardy consequences.

Any possible prejudice to Miller from the "evidentiary spillover" as he says he fears can be effectively addressed and offset by properly crafted instructions to the jury by the Court in which the jury is cautioned to consider each count and each defendant separately in evaluating the evidence and reaching their verdicts.

Miller's motion for severance, accordingly, is be DENIED.

**Motion in Limine**:   Defendant Miller's Motion in Limine seeks the exclusion at trial of three kinds of evidence:  disclosures of or references to Miller's prior criminal history, any evidence relating to uncharged misconduct ("bad acts" under Rule 404(b), Fed. R. Evid), and statements in which he is mentioned where no cross examination of the purported maker of the statement is possible. We deny this motion in limine on the grounds that it is at best premature, given that the Government has not yet filed its *Santiago* proffer and because it fails to take into account certain permissible uses of such evidence as part of the Government's case, if the Government chooses to offer it.

The Government has indicated that it will not introduce evidence of Miller's prior criminal history during its case in chief, but presumably reserves the right to offer such evidence consistent with the requirements of Rule 609, Fed. R. Evid.  So long as the proffered evidence complies with Rule 609 (and Rule 403), it will likely be admissible.

Regarding any potential 404(b) evidence, the Government has indicated that proper notice will be given in advance of its proffer to permit a ruling by the court as to its admissibility.  That procedure is sound and will be permitted.

Regarding statements involving Miller for which no cross examination of the purported declarant is possible, Rule 810(d)(2)(E), Fed. R. Evid., permits the Government to introduce statements made by his coconspirators made during and in furtherance of the conspiracy.  These statements will be fully disclosed in the Government's yet to be file *Santiago* proffer "well in advance of the trial," according to the Government's assurances, which will allow Miller's counsel to interpose any remaining objections and the court to rule on both the objections and the admissibility of such statements.

The Defendant's Motion in Limine is therefore Denied.

IT IS SO ORDERED.

Date:  01/09/2014

*[signature: Sarah Evans Barker]*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Electronically registered counsel of record via ECF

5